UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MEZA PATRACA,<br>Petitioner,<br>v.<br>TONYA ANDREWS,<br>Respondent. | No. 1:26-cv-06646-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR APPOINTMENT OF COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On August 20, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motions to proceed *in forma pauperis* (Doc. No. 3), for appointment of counsel (Doc. No. 4), and for a temporary restraining order ("TRO") seeking his immediate release. (Doc. No. 2.)

On August 21, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying habeas petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*) Respondent filed its

opposition on August 25, 2026, in which respondent states that petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A), but explicitly acknowledges that the decision in *Rodriguez Vazquez v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) is binding on the court in this regard and provides that petitioner's detention is instead governed by 8 U.S.C. § 1226(a). (Doc. No. 8 at 1.) That response does not state any objection to the court ruling on petitioner's habeas petition based on the current briefing and so the court will do so.

The court describes the record as presented by the parties as follows. Petitioner is a citizen of Mexico who was detained by immigration authorities on or about June 25, 2026, and remains in immigration custody. (Doc. No. 1 at 6.) The court adopts its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026), and finds that respondent's failure to detain petitioner in compliance with the procedures required by § 1226(a) support his immediate release. In *Zurita Navarro* the court identified the due process procedures that must be followed when a petitioner is detained pursuant to § 1226(a), which respondent concedes is the current basis for petitioner's detention. 2026 WL 2294963, at *1. Those procedures include a petitioner being provided an initial custody determination by an immigration officer with a petitioner being provided the opportunity to demonstrate that his release would not pose a danger or flight risk. The failure to follow procedures regarding petitioner's current immigration detention causes the court to conclude that petitioner is entitled to be released given that he is being detained pursuant to § 1226(a). *See Zurita Navarro*, 2026 WL 2294963, at *2.

For the reasons stated above,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Hector Meza Patraca, A-File No. 241-453-639, from respondent's custody on the conditions, if any, he was subject to prior to his current detention on or before June 25, 2026;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations;

3. Petitioner's motions for appointment of counsel and for a temporary restraining order (Doc. Nos. 2, 4) are DENIED as having been rendered moot by this order granting habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 28, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE